UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION


UNITED STATES OF AMERICA,

        Plaintiff

vs.                                            Case No. 2:16-cr-000003-WTL-CMM

RODRICK JAMES,

        Defendant

## REPORT TO DISTRICT JUDGE

## PROPOSED FINDINGS OF FACT AND
## CONCLUSION OF LAW

A hearing was convened in this matter on May 31, 2017, on a Petition for Warrant or Summons for Offender Under Supervision filed January 26, 2017 [Doc. 6]. This matter was referred to the Magistrate Judge for hearing pursuant to 18 U.S.C. 3401(i) in an Entry and Order issued by The Hon. William T. Lawrence, U. S. District Judge, on January 27, 2017 [Doc. 9]. An initial appearance hearing was conducted on May 25, 2017 and the matter set over for the May 31 hearing on the defendant's alleged violations of the terms and conditions of his sentence while on supervised release.

The Government appeared by Winfield Ong, Assistant United States Attorney; the defendant, Rodrick James, appeared in person (in custody) and by counsel, Michael Wright, who was appointed from the CJA panel.

At the outset of the hearing, the Government and defense counsel advised the Court that the parties had reached an agreement on admission of violations and a disposition of the case.

The Court advised the defendant of his constitutional rights and the burden of proof with respect to the alleged violations. The defendant answered preliminary questions to ascertain his ability to understand the proceedings. The defendant had previously been provided a copy of the Petition and waived his right to a preliminary hearing on May 25. The defendant, Rodrick James, was sworn and his testimony heard. He admitted the violation cited in the Petition submitted by U.S. Probation Officer Jennifer Considine.

The defendant advised that he had sufficient time to meet with counsel, to review the nature of the violation cited in the Petition, and to consider whether to admit the violations. The Court reviewed with the Defendant the violation cited in the Petition. The Court finds that the defendant, after being placed under oath, and having had sufficient time to consult with counsel, made a knowing, intelligent and voluntary admission of the violation cited in the Petition.

The undersigned recommends to the Court adoption of the following Findings of Fact and Conclusions of Law:

**Findings of Fact**

1. The defendant, Rodrick James, was sentenced on February 27, 2003, in the U. S. District Court for the Southern District of Texas, on the charge of Distribution and Possession with the Intent to Distribute five grams or more of a cocaine base and aiding and abetting. The original sentence included 130 months of confinement and 60 months of supervised release. Supervised release was previously revoked on January 30, 2014, and a sentence of 24 months imprisonment followed by 24 months of supervised release was ordered. Jurisdiction was transferred to the Southern District of Indiana on March 4, 2016.

2. While on supervised release, the defendant violated the following term of supervised release: "The defendant shall not commit another state, federal, or local crime."

3. The defendant was under supervision of the U.S. Probation Office in the Southern District of Indiana on January 26, 2017, the date on which the Petition was filed.

4. The defendant admitted the allegations contained in the Petition in open court, under oath, and after the advice of counsel. Specifically, the defendant was convicted of the offense of intimidation on May 10, 2017, a Level 6 felony under Indiana law, in the Vigo Superior Court. The conviction was based on charges filed after defendant's arrest on January 26, 2017 and subsequent criminal charging on January 27, 2017, in Vigo Superior Court. The arrest and charges prompted the filing of the petition considered here.

5. The defendant's criminal conviction violated the terms of supervised release from the original sentence.

6. The parties' agreement included an executed sentence of 14 months' imprisonment without additional supervised release to follow the term of imprisonment. The defendant was advised that this matter had been referred by the District Judge and that this report would be transmitted to the Court. He was further advised that the Court was not a party to the agreement between the Government and the defendant regarding disposition of this matter. The Court, however, advised the parties that the agreement was satisfactory to the Magistrate Judge and that a recommendation would follow to the District Judge consistent with the parties' agreement. The defendant testified that he understood the proposed agreement on disposition, consented to its content, and had not been coerced or threatened to enter into such an agreement. In addition to the agreed term of incarceration, the Government and the defendant requested recommended placement at a Bureau of Prisons facility reasonably near Terre Haute, Indiana, because the defendant has a young child and he desires to remain in close contact with the child and mother.

## Conclusions of Law

1. The Court finds by a preponderance of the evidence that the defendant violated the terms of supervised release on and after his release from the Bureau of Prisons and while under supervision of the U. S. Probation Office.

2. The violation noted in the Findings of Fact is a Grade B violation under §7B1.1(b), *United States Sentencing Guidelines* (Chapter 7, Violations of Probation and Supervised Release).

3. The defendant's criminal history under §7B1.4(a) is Category VI.

4. Based upon these conclusions, the sentencing options for this defendant include a range of imprisonment of 21 to 27 months based upon these findings and conclusions. *See,* §7B1.4(a).

5. Based upon these findings and conclusions, the Magistrate Judge recommends that the defendant be sentenced to a term of 14 months in the custody of the U.S. Bureau of Prisons consistent with the agreement of the parties. The Magistrate Judge further recommends that the defendant be placed in a Bureau of Prisons facility located reasonably close to Terre Haute, Indiana, to the extent possible. Consistent with the parties' agreement, the Magistrate Judge does not recommend a period of supervised release to follow the term of imprisonment.

6. In reaching these conclusions, the Court has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the defendant, here, conviction of a felony while on supervised release and a prior violation of supervised release that resulted in additional incarceration], (a)(2)(B) [affording adequate deterrence to criminal conduct, here, consideration of the defendant's violation and disregard of reasonable rules of supervised release], (a)(2)(c) [to protect the public from further crimes of the

defendant], (a)(2)(D) [to provide the Defendant with needed medical care or other correctional treatment], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here].

## **Recommendation**

The undersigned recommends to the Court adoption of these Findings of Fact and Conclusions of Law and the revocation of the defendant's supervised release and the imposition of term of incarceration of 14 months.

The defendant is ORDERED detained pending the District Court's consideration of this recommendation.

Dated: May 31, 2017

_____
CRAIG M. MCKEE, Magistrate Judge
United States District Court
Southern District of Indiana

**Distribution to:**
Winfield D. Ong, U.S. Attorney's Office
Michael Wright
Jennifer Considine, U.S. Probation Office
Greg Snyder, U. S. Marshal's Office